# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| VERONICA SOLIS, § | |
|    Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 7:17-cv-00177 |
| GREAT LAKES REINSURANCE, § | |
| THE LITTLETON GROUP- § | |
| WESTERN and JOSE LOPEZ § | |
|    Defendants. § | |

## NOTICE OF REMOVAL

Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) Plc)[1] ("Great Lakes" or "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.  BACKGROUND

1.   On April 7, 2017, Plaintiff Veronica Solis ("Plaintiff") filed this action in the 206th Judicial District Court of Hidalgo County, Texas, bearing Docket Number C-1635-17-D (the "State Court Action") against Great Lakes, The Littleton Group-Western, Inc. ("Littleton"), and Jose Lopez ("Lopez").  Plaintiff's Original Petition (the "Complaint"), filed on April 7, 2017, is the live pleading in this case.  (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.   Upon information and belief, Great Lakes has not been served with Plaintiff's Complaint.  Thus, this Notice of Removal of the case to the United States District Court is timely filed by Great Lakes, it being filed no more than thirty (30) days after service of the Complaint on Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

---

[1] Improperly named as "Great Lakes Reinsurance" in Plaintiff's Original Petition, but appearing in its correct capacity herein.

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Complete diversity exists between Plaintiff and the properly joined defendant, Great Lakes.**

4. Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5. Plaintiff alleges in the Complaint that she resides in Hidalgo County, Texas; therefore, she is a citizen of Texas.[2]

6. Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in Germany; therefore, Great Lakes is a citizen of Germany.

7. Thus, there is complete diversity of citizenship between Plaintiff and the properly joined defendant, Great Lakes.

**B. Littleton and Lopez were improperly joined.**

*i. Applicable standard for improper joinder.*

8. The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[3] Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[4] The

---

[2] *See* Complaint, at ¶ 2.
[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[5] Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[6] "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[7] "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[8]

9. Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[9] In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10] "This possibility [of recovery], however, must be reasonable, not merely theoretical."[11] "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[12]

10. The Fifth Circuit recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim

---

[5] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[6] *Smallwood*, 385 F.3d at 572.
[7] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[8] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[9] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[10] *Smallwood*, 385 F.3d at 572.
[11] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[12] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

to determine if the plaintiff has stated a claim against a non-diverse defendant.[13] A plaintiff fails to state a claim upon which relief may be granted as required under Fed. R. Civ. P. 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[14] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[17]

11. To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[18] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[20] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[21] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[22]

---

[13] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[15] *Id.*
[16] *Id.* at 678.
[17] *Id.*
[18] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[20] *Collins*, 224 F.3d at 498.
[21] *Twombly*, 550 U.S. at 555 (emphasis added).
[22] *Iqbal*, 556 U.S. at 667.

> ii. *There is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Littleton and Lopez; therefore, Littleton and Lopez were improperly joined.*

12. Plaintiff makes the conclusory, boilerplate allegations that Littleton and Lopez violated sections 541.060(a)(1), 541.060(a)(2)(a), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7), and 542.003(5) of the Texas Insurance Code. There is no reasonable basis to predict that Plaintiff can recover on any of these claims against Littleton or Lopez, the adjusting firm and adjuster of the claim at issue in this case. All of the courts in the Southern District, McAllen Division, have consistently held that boilerplate allegations almost identical to those in this case against an in-state adjuster are not enough to state a claim and, therefore, the in-state adjuster defendants were improperly joined.[23] For the same reasons, Littleton and Lopez were improperly joined in this case and their citizenship should be disregarded.

> a. **Plaintiff's Texas Insurance Code claims against Littleton and Lopez fail to meet the heightened Rule 9(b) pleading standard.**

13. Rule 9(b) states "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[24] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[25] As succinctly

---

[23] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *7 (Crane, J) (holding an in-state adjuster defendant was improperly joined); *Z&W Enterprises*, Case No. 7:16-CV-319 (S.D. Tex. Aug. 12, 2016) Opinion & Order Denying Plaintiff's Motion to Remand and Dismissing Littleton and Lopez, *7 (Alvarez, J.) (same); *Solis v. Great Lakes Reinsurance (UK) SE, et al*, Case 7:16-cv-00516 (S.D. Tex. April 27, 2017), Minute Entry noting Judge's denial of motion to remand (Hinojosa, J.) (same).
[24] Fed. R. Civ. P. 9(b).
[25] *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

stated by the Fifth Circuit Court of Appeals, Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud to be laid out.[26]

14. Courts have consistently held that Rule 9(b) applies to claims under the Texas Insurance Code.[27] For example, in *Z&W Enterprises*, the Court held the plaintiff's claims against the in-state adjuster defendants under the Texas Insurance Code were "sparse on particulars" and, thus, did not comply with the heightened pleading requirements of Rule 9(b).[28] Specifically, the Court held that "Plaintiff fails to state a claim under Section 541.060(a)(1) against Littleton or Lopez because Plaintiff fails to allege any specific misrepresentation made by Littleton or Lopez about a material fact or policy provision relating to coverage under Plaintiff's policy."[29]

15. Similarly, in *DiNoto v. USAA Cas. Ins. Co.*, the Court held the insured's mere tracking of the Texas Insurance Code provisions was insufficient to meet the pleading requirements of Rule 9(b).[30] The insured in *DiNoto* failed to identify any specific alleged misrepresentations that the insurer made to the insured; therefore, the Court dismissed the plaintiff's claims.[31]

16. Again, in *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, the court held that a plaintiff must allege "specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[32] The court found that the plaintiff's factual allegations were not pleaded with enough

---

[26] *Id.* (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)).
[27] *Id.*
[28] *See Z&W Enterprises*, Case No. 7:16-CV-319 at *10.
[29] *Id.*
[30] *DiNoto v. USAA Cas. Ins. Co.*, No. CIV.A. H-13-2877, 2014 WL 4923975, at *2 (S.D. Tex. Sept. 30, 2014).
[31] *Id.*
[32] *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, W-16-CA-00315-JCM, 2017 WL 1289036, at *4 (W.D. Tex. Apr. 6, 2017).

specificity to distinguish particular facts from legal conclusions.[33] Therefore, the court granted the defendants' motion for judgment on the pleadings as the plaintiffs failed to meet the heightened pleading requirement of Rule 9(b).[34]

17. As set forth in the cases cited above, Plaintiff's claims against Littleton and Lopez under the Texas Insurance Code are all subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[35] Plaintiff's bare-bones, conclusory allegations fail to meet this heightened pleading standard and must be dismissed. Plaintiff fails to set forth any facts regarding "the who, what, when, where, and how" of its claims that Lopez or Littleton violated the Texas Insurance Code. District Courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[36] Plaintiff makes no factual allegations, beyond conclusory assertions tracking the statutory language regarding *any* alleged wrongdoing or misrepresentations by Lopez or Littleton. Plaintiff makes vague, conclusory allegations regarding "Defendants" conduct that merely tracks the language in the insurance code. These bare-bones, form pleadings that merely track the vague language of the Insurance Code do not meet the heightened standard set forth in Rule 9(b). Therefore, Plaintiff's claims against Littleton and Lopez must be dismissed.

---

[33] *Id.*
[34] *Id.* at *15 ("A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").
[35] *Id.* (applying Rule 9(b) to DTPA and Texas Insurance Code claims) (citing *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742–43 (S.D. Tex. 1998)); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (citing *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824–25 (N.D. Tex. 2001) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b).").
[36] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

### b. Plaintiff fails to state a claim upon against Littleton and Lopez for allegedly violating Section 541.060(a)(1) of the Texas Insurance Code.

18. Tracking the language of Section 541.060(a)(1) of the Texas Insurance Code, Plaintiff alleges Littleton and Lopez misrepresented "material facts and/or policy provisions relating to the coverage at issue." There is no reasonable basis to predict that Plaintiff can recover on her claim that Littleton and Lopez violated Section 541.060(a)(1) because all of Plaintiff's allegations regarding Littleton and Lopez relate to their inspection of the Property, not details of the policy or coverage at issue.

19. Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."[37] Judge Crane in the Southern District of Texas recently held in *Hay* that an in-state adjuster was improperly joined and the plaintiff had failed to state a claim against the in-state adjuster under this provision.[38] The plaintiff in *Hay* alleged the in-state adjuster violated Section 541.060(a)(1) by "misrepresenting one or more material facts and/or policy provisions relating to coverage."[39] The Court held "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage"[40] "[A]ctions or omissions by an adjuster in making an inspection are not within the scope of § 541.060(a)(1) because they do not relate to the coverage at issue."[41] The Court in *Hay* held the plaintiff failed to state a claim under Section 541.060(a)(1) because "aside from her conclusory assertion that he violated this provision—Ms. Hay fails to allege that [the adjuster] made any misrepresentation about the details of the policy at issue."[42]

---

[37] Tex. Ins. Code § 541.060(a)(1).
[38] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *7.
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.*

20.     Similarly, in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of a policy, not the facts giving rise to a claim for coverage."[43]  "[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered.""[44]  In *Messersmith*, the plaintiff alleged "that there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage."[45]  The Northern District found that these allegations did not give rise to a claim against the defendant adjuster because they were not about the breadth or existence of coverage.  Instead the allegations were about the facts that gave rise to a claim under the policy.[46]

21.     Further, several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[47]  "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage."[48]  Further, "post loss statements regarding coverage are not misrepresentations under the Insurance Code."[49]

---

[43] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014).
[44] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).
[45] *Id.* at 724 (quotation marks removed).
[46] *Id.*
[47] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd's*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).
[48] *Id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex.2014)).
[49] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).

22.     Specifically, the Southern District of Texas has held on numerous occasions that, when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[50]  For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate ... These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."[51]  Based on this conclusion, the court denied the plaintiffs' motion to remand.[52]  Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, the Southern District dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer."[53]

23.     The allegations in this case are no different.  Plaintiff alleges that Lopez and Littleton conducted a substandard inspection of the property and failed to prepare an adequate report of the alleged damage.  On the face of these allegations, Plaintiff has failed to state claim against Littleton and Lopez for violation of Section 54.1060(a)(1).  Just as in the cases cited above, Littleton and Lopez's alleged actions are indistinguishable from Great Lakes' alleged actions and all of Plaintiff's allegations regarding Littleton and Lopez relate solely to the facts regarding the inspection of the property.  Beyond merely tracking the language of the Insurance Code, which is insufficient to state a claim upon which relief may be granted, Plaintiff makes no

---

[50] *Nasti*, 2014 WL 710458, at *3.
[51] No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).
[52] *Id.*
[53] No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).

factual allegation that Littleton or Lopez made any representations to her regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1).[54] Further, Plaintiff has not and cannot allege Littleton or Lopez had authority to settle claims or make coverage determinations. Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict that Plaintiff can recover against Littleton and Lopez for alleged violations of Section 541.060(a)(1).

      **c.    Plaintiff failed to state a claim upon which relief may be granted against Littleton or Lopez for allegedly violating Sections 541.060(a)(2)(A), (a)(3), (a)(4), or (a)(7) of the Texas Insurance Code.**

24. Further tracking the language of Sections 541.060(a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, Plaintiff alleges Littleton and Lopez "fail[e]d to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear", "fail[e]d to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim", "fail[ed] within a reasonable time to affirm or deny coverage", and "refused to pay Plaintiff's claim without conducting a reasonable investigation."

25. Addressing these same allegations under the same Insurance Code provisions, the Court stated in *Hay* that "[e]ach of these violations is based on one common thread of liability: the denial of a valid claim."[55] The Court further held:

> Even assuming that an adjuster may be held liable for these provisions, Ms. Hay has pled no facts alleging that, as an adjuster, Mr. Lopez had any authority to settle claims on behalf of Great Lakes. Nor has Ms. Hay alleged that Mr. Lopez had any control over the timeliness of communications regarding her claim, or that he contributed in some way to a delay in the disposition of her claim. Instead, she merely claims that his investigation

---

[54] *See TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

[55] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *8.

was "outcome-oriented," without alleging any facts that would plausibly give rise to any liability against Mr. Lopez under these provisions.[56]

Thus, the Court determined the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2), (a)(3), and (a)(4) and the in-state adjuster was improperly joined because the plaintiff failed to allege any facts that the adjuster had any authority to settle claims on behalf of Great Lakes or had any control over the timeliness of communications regarding the claim.[57]

26. Regarding the plaintiff's claim under Section 541.060(a)(7), the court also held in *Hay* that liability for allegedly "refusing to pay a claim without conducting a reasonable investigation" is also "contingent upon the refusal to pay the claim, which Ms. Hay has failed to allege that [the in-state adjuster defendant] had any control over."[58] Therefore, the Court dismissed this allegation against the adjuster as well.[59]

27. Following this same reasoning, the Southern District, in *Lopez v. United Prop. & Cas. Ins. Co.*, recently held "[t]he majority of federal courts that have addressed [Section 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters" because the adjuster does not have settlement authority on behalf of the insurer.[60]

---

[56] *Id.*
[57] *Id.*
[58] *Id.*
[59] *Id.*
[60] *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) (citing *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014)); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.–Dallas Mar. 30, 2016, no. pet. h.); *but see Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (finding adjusters may be liable under § 541.060(a)(2) because "the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.")). The Court in *Lopez* noted the *Roach* decision from the Northern District that followed the same reasoning as the *Linron* case cited by Plaintiff in his response to NCA and Keller's motion to dismiss; however, the Court declined to follow the reasoning of the Northern District regarding the applicability of Section 541.060(a)(2) to adjusters. *See id.*

The Court also held that "other federal courts have held that [Sections 541.060(a)(3) and (a)(4)] are not applicable to adjusters" because these provisions are "aimed at the timeliness of communications to an insured" and "none of [the insured's] allegations against [the adjuster] assert that she was untimely or slow to act."[61] "Instead, [the insured] complains that [the adjuster's] investigation was 'substandard.'"[62] For these reasons, the Court in *Lopez* found the plaintiff had failed to state a claim against the in-state adjuster under Sections 541.060(a)(2)(A), (a)(3), and (a)(4) of the Texas Insurance Code.[63]

28. Further, regarding Section 541.060(a)(3), the Court in *Mainali Corp. v. Covington Specialty Ins. Co.* held "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[64]

29. Regarding section 541.0606(a)(4), the court in *One Way Investments, Inc.* held "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."[65]

30. In this case, Plaintiff does not and cannot contend that Littleton and Lopez had settlement authority on behalf of Great Lakes or that they were untimely or slow to act. Rather, their sole role was to assess the alleged damage to the property. This is reflected by the fact that the few "factual" allegations in Plaintiff's Complaint regarding Littleton and Lopez only relate to

---

[61] *Id.* (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) ("[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."); *One Way Investments, Inc. v. Century Sur. Co.*, 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) ("[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.")).
[62] *Id.*
[63] *Id.*
[64] *Mainali Corp.*, 2015 WL 5098047, at *4.
[65] *One Way Investments, Inc.*, 2014 WL 6991277, at *5.

their inspection of the Property. Plaintiff has not and cannot allege that Littleton or Lopez were under any obligation to provide Plaintiff with an explanation of the insurer's decision on the claim at issue, or that they had authority on behalf of the insurer to affirm or deny coverage or settle the claim. For these reasons, Plaintiff failed to state a claim against Littleton and Lopez under Sections 541.060(a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, and, thus, Littleton and Lopez were improperly joined.

        **d.    Plaintiff failed to state a claim upon which relief may be granted against Littleton or Lopez for allegedly violating section 542.003(b)(5) of the Texas Insurance Code.**

31.    Section 542.003(b) provides that certain acts *by an insurer* constitutes unfair settlement practices. Specifically, section 542.003(b)(5) states "compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder" constitutes unfair claim settlement practices "by an insurer."[66] Plaintiff alleges that Littleton and Lopez violated this provision; however, neither Littleton nor Lopez are insurers. Texas courts have held that section 542.003 only applies to insurers and not to adjusters.[67] Given that this claim is not applicable to adjusters under Texas law, Plaintiff has failed to state a claim upon which relief may be granted against Littleton or Lopez under section 542.003(b) of the Texas Insurance Code.

**C.    Amount in Controversy Exceeds $75,000.**

32.    Plaintiff is seeking "monetary relief, the maximum of which is over $100,000 but not more than $200,000."[68] Because the face of the Complaint establishes that Plaintiff seeks

---

[66] Tex. Ins. Code § 542.003(b)(3) (emphasis added).
[67] *See Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.—Dallas Mar. 30, 2016, no. pet. h.); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016).
[68] *See* Complaint, at ¶ 7.

damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III. VENUE

33. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 206th Judicial District Court of Hidalgo County, Texas, the forum in which the removed action was pending.

### IV. ADDITIONAL REQUIREMENTS

34. Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 206th Judicial District Court of Hidalgo County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

35. Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[69]

36. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

**Exhibit A**: Listing of All Parties and Counsel of Record;

**Exhibit B**: Civil Cover Sheet;

**Exhibit C**: Index of All Documents Filed in State Court Action;

**Exhibits C-1 - C-4**: Copies of all filings in State Court Action and State Court Docket Sheet;

**Exhibit D**: List of Action Being Removed;

---

[69] *See* **Exhibit C**: Index of All Documents Filed in State Court Action.

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) Plc), prays that this matter be removed to the United States District Court for the Southern District of Texas, McAllen Division, for further proceedings and disposition.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) Plc)*

## CERTIFICATE AND NOTICE OF FILING

I certify that on May 5, 2017, the Notice of Removal was sent to the District Clerk of Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

> */s/ Valerie Henderson*
> Valerie Henderson

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 5, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

William T. Jones, Jr.
Robert D. Green
Daniel P. Barton
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas  77007
***CM/RRR #:  7014 3490 0000 9066 5709***

> */s/ Valerie Henderson*
> Valerie Henderson